(113 App. Div. 693.)

·NASSAU TRUST CO. OF CITY OF BROOKLYN v. MATHERSON et al.

(Supreme Court, Appellate Division, Second Department.   June 27, 1906.)

BILLS AND NOTES—ISSUANCE—VALIDITY—BONA FIDE PURCHASER.

Defendant M., who was one of the directors of a corporation, refused to leave a blank note with the corporation's secretary and treasurer for its benefit, but consented to sign a note which bore a rubber stamp signature, containing the name of the corporation with a dotted line below, and the word "Treasurer" at the end of the line; it being necessary to complete the corporate signature to have added the name of the treasurer whenever the signature was made use of by the corporation. The treasurer's name· was not filled in such blank, but after M. had indorsed · the note in such condition the treasurer erased the rubber stamp marks, signed the note individually, and procured plaintiff to discount the same; plaintiff having no knowledge of the agreement between the members of the corporation. The proceeds of the note were credited to the corporation and used by it. Held, that such facts did not show that the corporation ever signed the note as maker, and that the mere erasure of the stamp did not give notice to the indorsee of any defect in the note.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 839.]

Appeal from Trial Term, Kings County.

Action by the Nassau Trust Company of the city of Brooklyn against Stephen Matherson, impleaded with the Baker Tea & Coffee Company and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Howard R. Bayne, for appellants.

Welton C. Percy, for respondent.

WOODWARD, J.   The complaint alleges the liability of defendant Matherson as an indorser on a promissory note for $3,500, made by defendant Hobe to the order of defendant the Baker Tea & Coffee Company, payable four months after date. The answer denies that defendant Matherson indorsed the note sued on and any liability on account thereof, and sets forth a state of facts which the defendant Matherson here insists relieves him from obligation. It seems that the Baker Tea & Coffee Company is composed of Stephen Matherson, Thomas H. Baker, and Fred Hobe, these persons owning all of the stock and making up the board of directors of the corporation. The defense alleged is that the defendant Matherson, being about to leave the state in the month of June, 1904, to be absent some time, was informed by Hobe, the secretary and treasurer of the corporation, that the company would need to borrow from $2,500 to $5,000 for its use in the extension and development of its business; and Hobe requested Matherson and Baker to indorse a note in blank, to be drawn by said company, and to be used for the purposes of the company, as Hobe should determine. It is claimed that Matherson refused to leave a blank note, but that he did consent to sign a note which bore a rubber stamp signature in red ink, "The Baker Tea & Coffee Company," with a red dotted line below, and the word "Treasurer" at the end of such line, the corporate. signature being made complete by the

addition of the name of the treasurer whenever such signature was made use of by the corporation. It is not disputed that Matherson did sign and leave such a note with Hobe, but it is alleged that after the indorsement by Matherson the defendant Hobe erased the red ink signature and signed the note individually. There is no suggestion that the plaintiff was informed of this agreement as between the members of the corporation, or that the note itself, at the time of its negotiation, was any different from the one in suit; but the defense insists that the act of Hobe in erasing the words "The Baker Tea & Coffee Company, Treasurer," constituted forgery on the part of Hobe, and that, as an examination of the note shows that there had been originally a red signature with a dotted line, this constituted notice of the defect in the paper to the plaintiff, who is concededly the owner of the paper in due course, except for this alleged forgery and the notice which this defacement is supposed to have given.

We think that the evidence does not show that the corporation ever signed this note as maker. The signature was not complete until it bore the name of the treasurer, and the paper having been taken to the plaintiff and negotiated for the benefit of the corporation, as the evidence shows, and it being apparently regular upon its face, there was nothing in the appearence of the note which was calculated to give notice of any defect in the authority of Hobe to make the note and to issue the same for value. The mere fact that there had been a rubber stamp used did not give notice that there was any agreement between Hobe and Matherson that the note should be made by the Baker Tea & Coffee Company. The note was in the possession of the secretary and treasurer of the corporation, indorsed by the corporation and by each of its officers and directors, and it was not to be presumed, because of an erasure which might have been made, that the note had any defect. The proceeds of the note were credited to the corporation, and the funds were paid out upon the checks of the corporation in the regular course of business, so that the note in suit accomplished all that the parties contemplated at the time of making the indorsement; and if the defendant Hobe made any improper use of the corporate funds so secured, that is not a reason why the defendant Matherson should be allowed to defeat the plaintiff's right to recover in this action. Matherson placed this note in the hands of Hobe for the purpose of raising funds for the corporation. He took the chances of Hobe making a proper disposition of that note, and, the plaintiff having purchased the note in good faith, without any notice of any defect in the same, it is for the indorsers to pay the obligation in accord with the contract of indorsers of negotiable instruments.

The judgment appealed from should be affirmed, with costs. All concur.